# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRENDA C. ARMSTEAD,**

      **Plaintiff,**

**v.**                                        **Case No:   6:18-cv-1195-Orl-41KRS**

**FLORIDA STATE HOSPITAL FOR THE CRIMINALLY INSANE, GEORGE W. BUSH, JR., and JEB BUSH,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration *sua sponte* upon review of Plaintiff's complaint, which she filed on July 25, 2018. Doc. No. 1. In it, Plaintiff alleges that Defendants George W. Bush and Jeb Bush are stalking and cyberstalking her. *Id.* ¶ 2. Besides the header of the complaint, the only mention Plaintiff makes of Defendant Florida State Hospital for the Criminally Insane is a request that the remaining Defendants be sentenced at that facility. *Id.* ¶ 4.

Plaintiff alleges that this Court has diversity jurisdiction over the matter because George W. Bush is a resident of Texas and she is a resident of Florida. Doc. No. 1 ¶ 1. Plaintiff makes no allegations regarding the citizenship or residence of the remaining Defendants, nor does she mention an amount in controversy.

Plaintiff did not pay the filing fee for her complaint, nor has she filed a motion to proceed *in forma pauperis*. Based on the failure to pay the filing fee, I presume that Plaintiff is attempting to proceed *in forma pauperis* and, accordingly, I review the complaint pursuant to 28 U.S.C. § 1915.

## I. APPLICABLE LAW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* Local Rule 4.07; *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, "it is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (citing Fed. R. Civ. P. 12(h)(3); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908)).

### A. Jurisdiction.

In the complaint, Plaintiff seeks to invoke the Court's jurisdiction based on the diversity of citizenship between the parties. Doc. No. 1 ¶ 1. Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a). "When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citing *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994)). When the allegations are based on diversity jurisdiction, the plaintiff "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.* (citing *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)).

Here, Plaintiff's sole jurisdictional allegation in the complaint is that "named defendant, George W. Bush, resident of Texas, and Plaintiff, Brenda C. Armstead, resident of Florida, gives this court jurisdiction." Doc. No. 1 ¶ 1. The complaint does not address the residency of the remaining Defendants, nor does it allege an amount in controversy that would satisfy the jurisdictional requirements. *See* 28 U.S.C. § 1332(a).[1] Therefore, the allegations of the complaint are insufficient to support exercise of diversity jurisdiction.

The complaint also does not allege any claim arising under the laws, treaties or Constitution of the United States. *See* 28 U.S.C. § 1331. Therefore, the complaint is also insufficient to support exercise of federal question jurisdiction.

"[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Accordingly, I recommend that the Court dismiss the complaint without prejudice for lack of subject matter jurisdiction.

**B. Leave to Amend Should Not Be Granted.**

"Although a *pro se* litigant generally should be permitted to amend her complaint, a district court need not allow amendment when it would be futile." *Gary v. U.S. Gov't*, 540 F. App'x 916, 917–18 (11th Cir. 2013)[2] (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). In this case, leave to amend is not warranted because the complaint is frivolous.

"A lawsuit is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (quoting *Moreland*

---

[1] Nor does the addendum to the complaint provide allegations sufficient to confer subject matter jurisdiction on this Court. *See* (Doc. No. 1-1). That document contains allegations pertaining to "Transportation Director, Votran, Volusia County," and "Dr. H. Otero, Dentist, Winter Park," and claims against Volusia County, Florida. *Id.* at 1–5.

[2] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

*v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).   However, "if a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a 'sufficient inquiry' to determine whether the plaintiff's realistic chances of ultimate success are slight."   *Id.* (quoting *Moreland*, 899 F.2d at 1169–70).

Under 28 U.S.C. § 1915, a complaint is frivolous when "it lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   This concept "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."   *Id.* (footnote omitted).   A complaint is also frivolous where it contains factual allegations that are "clearly baseless," which encompasses allegations that are "fanciful," "fantastic," and "delusional."   *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327–28).

Here, Plaintiff alleges that Defendants George W. Bush and Jeb Bush are stalking and cyberstalking her on a daily basis, but she provides no elaboration.   Doc. No. 1 ¶ 2.   She alleges that as a result, she suffers hearing loss, theft, vandalism, scarring, "attacks" on her eyes and feet, contaminated air, loss of residence, loss of personal property, endangerment to her health, loss of competence, death of her dog, false arrests, loss of family support, loss of her career, identity theft, and defamation.   *Id.* ¶ 3.   She claims that she has unsuccessfully tried to stop the stalking.   *Id.* ¶ 4.   She asks that the Court order genetic testing of the Defendants, and that the Defendants be research subjects injected with incurable diseases in order to find cures.   *Id.*

In Florida, to adequately allege a claim for stalking, Plaintiff must demonstrate that Defendants "willfully, maliciously, and repeatedly" followed or harassed her.   Fla. Stat. § 784.048(2).   To state a claim for cyberstalking, Plaintiff must establish that Defendants engaged in a course of conduct to communicate "words, images, or language by or through the use of electronic

mail or electronic communication . . . causing substantial emotional distress . . . serving no legitimate purpose." *Id.* § 784.048(1)(d). Plaintiff's complaint fails to allege these requisite statutory elements. Therefore, the complaint is frivolous for asserting factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *See Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 327–28).

## II.    RECOMMENDATION

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the complaint without prejudice and **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on July 27, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy